## Case No. 12,492.

### SCHURTZ v. The NEW YORK.

[N. Y. Times, June 1, 1855.]

Circuit Court, S. D. New York. May 31, 1855.

TOWAGE—LOSS OF BARGE—NEGLIGENCE.

[Appeal from the district court of the United States for the Southern district of New York.]

In admiralty.

Owen, Betts & Vose, for libellant.

Platt, Gerard & Buckley, for appellee.

NELSON, Circuit Justice. This libel was filed by the owner of the barge Hero, which was sunk in a storm on the North river on the night of the 2d of August, 1854, near Yonkers, while in the tow of the tug New York. She was loaded with 213 tons of coal, and was stationed in the middle of the front tier of the tow on the larboard side of the tug, which consisted of three boats. Several grounds are taken upon the proofs, which are voluminous, in the case, in order to establish gross negligence on the part of the master of the tug, under the circumstances of the violence of the storm in which the boat was lost,—such as that its position in the tow was an improper one; that the tug was moving at too great speed at the time; that she should have come to an anchor or detached the boat from the tug, so as to have prevented it from being drawn under and sunk.

We have looked into this case with a view of these several grounds of complaint against the conduct of the tug, and agree with the court below that neither of them is sustained by the proofs. On the contrary, the clear weight of the evidence is that the sinking of the barge is attributable either to the effect of the storm that prevailed without the fault of the tug, or to the negligence of the master in not properly securing the forecastle hatch, in consequence of which it was forced open by the breaking of the water over, and letting it into her hold. This hatch, as described in the testimony, was covered with a box on combings rising from the deck, fitting tight, without any other fastening. The other two hatches were secured with hooks and staples, as this one should have been, or with bars properly fastened, which is better, and has since been adopted. The master of the barge, also, is not altogether free from blame, after the storm had arisen and danger apprehended, as he neglected to watch this ill-secured hatch after his attention had been called to it by some of the hands on the tug. We think the decree below, dismissing the libel, right, and affirm the decree.

SCHURZ. The CARL. See Case No. 2,414.

SCHUTTE v. FLORIDA CENT. R. CO. See Cases Nos. 17,433 and 17,434.

## Case No. 12,492a.

### SCHUTTE v. JACKSONVILLE, P. & M. R. CO.

[See Case No. 17,434.]

## Case No. 12,493.

### SCHUTZ et al. v. The NANCY.

[Bee, 139.] [1]

District Court, D. South Carolina. March, 1799.

SALVAGE — COMPENSATION — AGREEMENT MADE WHILE IN DISTRESS.

Salvage must always be a reasonable allowance, to be fixed by the court upon consideration of the circumstances. All agreements, therefore, entered into in situations of distress at sea, are contrary to law, and will be set aside.

The Nancy, on her passage from Martinique to St. Kitt's sprung a leak, which being considerable, and one of the pumps being rendered useless, the crew agreed to stand for the first port. Four days after this, they threw overboard part of the cargo; in ten days more, made the land, and sent on shore for a pilot. The next day, the ship struck on a bank off Cape Romain, and at four in the evening fell in with a Danish ship, the mate of which was sent on board to ascertain her situation. The Danish captain also boarded her, and agreed, at the request of the captain of the Nancy, to stay by her that night, and, on the following day, to put his chief mate on board, who should take the command of the vessel and conduct her into port. It was further agreed between the two captains that, for these services, the Danish captain should receive such a sum as arbitrators might allow. The pump of the Nancy was repaired by the captain and crew of the other vessel; and she was towed by them till three o'clock the next day, when a pilot boarded her. The Danes then cast the ship off, and she was brought safely over the bar of Charleston.

THE COURT, in this case, said that salvage was unquestionably due, but must be reasonable; and that agreements entered into at sea, by persons in distress, were void in law: as in cases of duress on land. This was done in the case of Cowell v. The Brothers [Case No. 3,294], decided here. The judge also compared the circumstances of The Nancy with those of The Canada [Id. 219] and L'Esperanza [Id. 1,647], which had also been argued here; and after a full view of the case ordered that the sum of one thousand dollars should be allowed to the libellants by way of compensation.

[1] [Reported by Hon. Thomas Bee, District Judge.]